Paul J. Ondrasik Jr.
202 429 8088
pondrasi@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

July 23, 2013

**VIA ECF**

Lyle W. Cayce, Esq.
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    *In re BP Securities Litigation*, No. 12-20670

Dear Mr. Cayce:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Defendants note supplemental authorities *Kopp v. Klein*, No. 12-10416, 2013 U.S. App. LEXIS 13879 (5th Cir. July 9, 2013) and *Rinehart v. Akers*, No. 11-4232, 2013 U.S. App. LEXIS 14194 (2d Cir. July 15, 2013), and respond to Plaintiffs' authority, *Harris v. Amgen, Inc.*, No. 10-56014, 2013 U.S. App. LEXIS 11223 (9th Cir. June 4, 2013).

    *Kopp* and *Rinehart* both affirmed dismissal of ERISA fiduciary breach claims despite eventual company bankruptcies. Consistent with this Court's statement in *Kirschbaum* that the *Moench* presumption applies to all EIAPs, *Kopp* holds that the presumption applies <u>on a motion to dismiss</u> "regardless of whether [Defendants] had discretion [under the plans] to cease permitting new [] investments . . . or liquidate [] investments" in employer stock. *Kopp* at *18. Both courts concluded, in situations more grave than BP's, that plaintiffs failed to allege the "dire situation" necessary to overcome *Moench*. *Kopp* at *27; *Rinehart* at *30. Moreover, both held that only public information is relevant to evaluate the prudence of defendants' failure to



July 23, 2013
Page 2

divest company stock (*Kopp* at *29; *Rinehart* at *23), and *Kopp* holds there is no general ERISA duty to disclose (*Kopp* at *37-39).[1]

Plaintiffs' *Amgen* reference is not instructive. Amgen's stock was not a listed "core investment option" in plan documents; therefore that court's decision that the *Moench* presumption did not apply is inapposite. Moreover, *Kopp* refutes plaintiffs' reliance on *Amgen* to argue that (a) the BP securities case "should mandate" proceeding with the ERISA claims, and (b) nonpublic information presents no insider trading conflict (Rep. Br. at 16-17). *Kopp* at *31 n.8 ("the remedy for [securities laws] violations would be under securities laws, and not under ERISA"); & *29 ("Fiduciaries may not trade for the benefit of plan participants based on material information to which the general shareholding public has been denied access").

                               Respectfully submitted,

                               s/ Paul J. Ondrasik, Jr.
                               Paul J. Ondrasik, Jr.

Cc:    Counsel of record for all parties

---

[1] *Kopp* dismissed monitoring and co-fiduciary breach claims as derivative claims. *Kopp* at *42-44.