

HOUSTON
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002

NEW YORK
460 Park Avenue - 21st Floor
New York, New York 10022

713 860 1600 telephone
713 860 1699 facsimile
www.ajamie.com

John W. Clay
jclay@ajamie.com

December 26, 2013

**BY ECF**

Lyle W. Cayce, Esq.
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *In re BP Securities Litigation,* No. 12-20670

Dear Mr. Cayce:

      Appellants submit this FRAP 28(j) letter to provide notice of the Supreme Court's grant of certiorari review of *Dudenhoeffer v. Fifth Third Bancorp.*, 692 F.3d 410 (6th Cir. 2012), *cert. granted*, No. 12-751, — S. Ct. —, 2013 WL 6510745 (Dec. 13, 2013).

      The Supreme Court granted review of the following question:

> Whether the Sixth Circuit erred by holding that Respondents were not required to plausibly allege in their complaint that the fiduciaries of an employee stock ownership plan ("ESOP") abused their discretion by remaining invested in employer stock, in order to overcome the presumption that their decision to invest in employer stock was reasonable, as required by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1101, *et seq.* ("ERISA"), and every other circuit to address the issue.

*See* 2013 WL 6510745, at * 1. One month before the decision to grant certiorari, the United States submitted a brief as amicus curiae that addressed this same question by asking more narrowly:

Lyle W. Cayce, Esq.
December 26, 2013
Page 2

> Whether, to state a claim that a fiduciary of an employee stock ownership plan violated the duty of prudence by continuing to invest plan assets in the employer's stock, a plaintiff must rebut a presumption that the fiduciary acted prudently by alleging that the employer faced imminent financial peril.

*See* Brief for the United States as Amicus Curiae, 2013 WL 6019311, at *i (Nov. 12, 2013).

The Supreme Court is expected to issue an opinion in *Dudenhoeffer* by the conclusion of the term ending June 26, 2014. For the instant appeal, the ultimate decision in *Dudenhoeffer* may resolve each side's arguments regarding whether the district court erred in applying a presumption of prudence to a permissive ERISA plan at the pleadings stage. Appellants' Opening Brief in the instant appeal cites *Dudenhoeffer,* on pages 30, 54, and 55, to support the point that the district court erred in applying a presumption of prudence to a motion to dismiss rather than later upon a full record. Appellees' Opening Brief also cites *Dudenhoeffer* at page 48.

Sincerely yours,

s/ John W. Clay

John W. Clay

cc:    Counsel of record for all parties