Paul J. Ondrasik Jr.
202 429 8088
pondrasik@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com




**By ECF and Federal Express**

July 14, 2014

Lyle W. Cayce, Esq.
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

**Re: *In re BP Securities Litigation*, No. 12-20670**
**Appellees' Response to Appellants' FRAP 28(j) Letter**

Dear Mr. Cayce:

Appellants' Rule 28(j) letter asks this Court to vacate the judgment below and remand in light of *Fifth Third Bancorp v. Dudenhoeffer*, No. 12-751, 2014 U.S. LEXIS 4495 (U.S. June 25, 2014) ("*Dudenhoeffer*"). Defendants-Appellees submit that such action is premature and unnecessary, and that a broad remand is inappropriate.

*First*, given that the Supreme Court recently vacated and remanded *Kopp v. Klein* in light of *Dudenhoeffer*, this Court should hold this action until after it addresses *Kopp*. This Court's treatment of *Kopp* likely will affect the issues in this case, and the parties will benefit from this Court's guidance.

*Second*, this Court should apply the standards articulated in *Dudenhoeffer* to affirm the dismissal of Appellants' Count I prudence claim, after any supplemental briefing the Court deems appropriate. Appellants' argument that Defendants-Appellees were required to "liquidate the BP Stock Fund" or "delete" that investment option based on insider information (Appellants' Reply at 3, 6) is foreclosed by the Supreme Court's holding that fiduciaries cannot engage in insider trading. 2014 U.S. LEXIS 4495, at *32-33. Similarly, Appellants' theory (Appellants' Reply at 13-15) that the publicly traded price of BP stock did not reflect its true value is unavailing. 2014 U.S. LEXIS 4495, at *29-30. Just as in *Arce-Vences v. Mukasey*, 512 F.3d 167, 171-73 (5th Cir. 2007) (cited by Appellants), where there was an intervening Supreme Court decision and this Court rejected the argument that substantive issues should be remanded and considered first by




the Board of Immigration Appeal, the standards articulated in *Dudenhoeffer* should be applied now by this Court.[1]

*Third*, the broad remand requested by Appellants is inappropriate. Appellants' disclosure claim (Count II) – ignored in their letter – is not affected by *Dudenhoeffer*, given that the Supreme Court declined to grant *certiorari* on the disclosure issue presented there. This Court therefore should affirm the dismissal of Count II based on the existing record and arguments.

Respectfully submitted,

Paul J. Ondrasik/PTJ

Paul J. Ondrasik, Jr.

Enclosure

---

[1] Appellants' other authorities (*Wardrip* and *Messervey*) also do not support a perfunctory remand. In *Wardrip v. Thaler*, 428 Fed. App'x 352 (5th Cir. 2011), remand followed requested supplemental briefing and argument (*see* 5/25/11 letter, attached).

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

May 25, 2011

Mr. Bruce Edward Anton
Sorrels, Udashen & Anton
2311 Cedar Springs Road
Suite 250
Dallas, TX 75201-0000

Ms. Katherine Diane Hayes
Office of the Attorney General
Postconviction Litigation Division
300 W. 15th Street - 8th Floor
William P. Clements Building
Austin, TX 78701-0000

Ms. Mary Margaret Penrose
University of Oklahoma
College of Law
300 Timberdell Road
Norman, OK 73019-0000

No. 10-70017, Faryion Wardrip v. Rick Thaler, Director
USDC No. 7:01-CV-247

Dear Counsel:

The court request supplemental briefing in letter format on the following questions, limited to 7 pages, and due on June 1.

Question One: In light of *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), did the district court err (1) in conducting an evidentiary hearing and (2) by relying on evidence not before the state habeas court to reach its conclusion that the state court unreasonably applied *Strickland*?

Question Two: If only the evidence in the state court record should have been considered, should this court remand to the district court for a properly limited review, or should we conduct a *de novo* review of the state-court record?

Question Three: What impact does *Harrington v. Richter*, 131 S. Ct. 770 (2011), have on the district court's decision to grant habeas relief?

Sincerely,

LYLE W. CAYCE, Clerk

By:____________________________
Monica R. Washington, Deputy Clerk
504-310-7705

*SPECIAL LETTERHEAD*